UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                    Case Nos.:   3:14cr98/MCR/CJK
                                                   3:15cv531/MCR/CJK

TERRANCE T. STONE
_____/

ORDER and REPORT AND RECOMMENDATION

Defendant Terrance T. Stone has moved for relief from his federal sentence pursuant to 28 U.S.C. § 2255, and his Second Amended "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" is now before the court.   (ECF No. 605.)   The Government responded in opposition (ECF No. 622), and Defendant Stone filed a reply titled "Objections to Government's Response to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28, United States Code, Section 2255 (ECF No. 633.)   Mr. Stone also moved to amend his motion.   (ECF No. 677.)   The Government responded in opposition, and he replied.   (ECF Nos. 679, 681.)   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   The court recommends that the § 2255 motion be denied

without an evidentiary hearing.    *See* Rules Governing Section 2255 Cases 8(a) and (b).

PROCEDURAL BACKGROUND

On December 3, 2014, Terrance T. Stone was charged in two counts of a three-count indictment with conspiracy to possess with intent to distribute five kilograms or more of a mixture and conspiracy to use a communication facility in facilitating the commission of a felony.    (ECF No. 39.)    The superseding indictment, returned on December 16, 2014, also charged Mr. Stone in Count Three with conspiracy to commit money laundering.    (ECF No. 131.)

Mr. Stone entered a plea of guilty before Chief Magistrate Judge Elizabeth Timothy, who recommended that the plea be accepted.    (ECF Nos. 250, 252-255.) The district court accepted the guilty plea.    (ECF No. 256.)

The final Presentence Investigation Report ("PSR") described Mr. Stone's role as that of a courier and lower level distributor in a cocaine distribution conspiracy led by co-defendant Rodney D. Butler.    (ECF No. 402, PSR ¶ 109.) Mr. Stone also conspired with Butler and Natassja Sassau to launder tens of thousands of dollars through Wells Fargo Banks during the conspiracy.    (*Id*.)

Case Nos.: 3:14cr98/MCR/CJK; 3:15cv531/MCR/CJK

Mr. Stone had a base offense level of 32, because the offense conduct involved at least 15 kilograms of cocaine, and two, two-level adjustments for possession of a dangerous weapon and his conviction under 18 U.S.C. § 1956 (Count Three).    After a three-level adjustment for acceptance of responsibility, his total offense level was 33.    (ECF No. 402, PSR ¶¶ 130-141.)    His criminal history category was IV, and the applicable advisory guidelines range was 188 to 235 months, with a statutory minimum of ten years on Count One, a statutory maximum of four years on Count Two and a statutory maximum of twenty years on Count Three. (ECF No. 402, PSR ¶¶ 187-188.)

The court sentenced Stone at the low end of the guidelines range due to his role in the case as compared to some of the co-defendants' roles.    (ECF No. 533 at 14; ECF Nos. 424, 425.)    Defendant did not appeal.

In his pending motion, Mr. Stone claims that but for counsel's ineffectiveness at sentencing, he would have received a lower sentence. As relief he requests that he be resentenced to the 120-month statutory mandatory minimum sentence

## ANALYSIS

### General Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."  *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000).    Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted).    Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).    An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (*quoting Mills*, 36 F.3d at 1055).

Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."   *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."   *Lynn*, 365 F.3d at 1235.   A meritorious claim of ineffective assistance of counsel can constitute cause.   *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.   *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).   To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.   *Strickland v.*

*Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (*quoting Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S.

at 689.    To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."    *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.

To establish prejudice, defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694.    "The likelihood of a different result must be substantial, not just conceivable."    *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (*quoting Strickland*).    In the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.    *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."    *Id.* at 203.

To establish ineffective assistance, a defendant must provide factual support for his contentions regarding counsel's performance.    *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).    Bare, conclusory allegations of ineffective

assistance are insufficient to satisfy the *Strickland* test.    *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333−34 (11th Cir. 2012).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."    *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).    Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.    *Gordon*, 518 F.3d at 1301 (*citing Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)).    To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.    *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).    A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.    *See Winthrop−Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).    Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.    *Lynn*, 365 F.3d at 1239.    Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

<u>Mr. Stone's Ineffective Assistance of Counsel Claim</u>

Both of Mr. Stone's grounds for relief relate to counsel's performance in advocating for a favorable sentence and due to overlap, the discussion is combined in this recommendation.   Mr. Stone first contends that counsel was constitutionally ineffective because she failed to argue that the 188-month term of imprisonment was greater than necessary to comply with § 3553(a) and as such was procedurally unreasonable.   (ECF No. 605 at 4.)   Mr. Stone also contends that his sentence was substantively unreasonable.   He asserts that a downward departure was warranted because of his tragic life circumstances, in that his mother was addicted to crack cocaine while he was an infant and he was exposed to this life-style as being "normal," never realizing that there were other opportunities.   (ECF No. 605 at 5.)

A district court must impose a sentence that is both procedurally and substantively reasonable.   *United States v. Wayerski*, 624 F. 3d 1342, 1353 (11th Cir. 2010).   Although there is an expectation of reasonableness when a district court imposes a sentence within the applicable guidelines range, a sentence may be procedurally unreasonable for a variety of reasons.   *Id.*   For instance, an unreasonable sentence may result if the district court improperly calculated the guidelines range, treated the guidelines as mandatory, failed to consider the §

Case Nos.: 3:14cr98/MCR/CJK; 3:15cv531/MCR/CJK

3553(a) factors, based the sentence on clearly erroneous facts, or failed to adequately explain the sentence imposed.    *Id.*, 624 F. 3d at 1353; *Gall v. United States*, 552 U.S. 38, 51 (2007).    Substantive reasonableness involves examining the totality of the circumstances and whether the sentence is supported by the § 3553(a) factors. *Wayerski*, 624 F.3d at 1353.    Eleventh Circuit precedent does not require the district court to discuss each § 3553(a) factor or even specifically state on the record that it has considered each of the factors.    *United States v. Turner*, 474 F. 3d 1265, 1281 (11th Cir. 2007); *United States v. Guajardo*, 726 F. App'x 768 (11th Cir. 2018) (*citing Turner*).    Stating that it has considered the factors as a whole, which is precisely what the court did in this case, will suffice.    *Id.; see also* ECF. No. 533 at 18.

Additionally, contrary to Mr. Stone's assertion, at sentencing, counsel specifically called the court's attention to the circumstances of Stone's background. Ms. Hendrix asked the court to take into consideration that:

> he had a mother who was addicted to crack cocaine and that's what he was around.    And what else was he going to do when he grew up but become involved in drugs, because that's all he knew.    He lived in an abusive household and he had no real opportunity to learn any other way.

(ECF No. 533 at 8-9.)    Counsel also specifically asked the court to "consider something in the low end of the guidelines."    (ECF No. 533 at 9.)

The Government countered the defense arguments by introducing as Exhibits numerous photographs depicting the lavish lifestyle Mr. Stone was living, contrasting this with the fact that he was $30,000 in arrears in his child support obligations.    (ECF No. 533 at 10-12.)    Its position was that a guidelines sentence was appropriate and that there was no reason for the court to depart therefrom.    (*Id.* at 12.)

The court, having heard all the evidence and reviewed the record stated that it "[did] not see any reason here to deviate from the guidelines."    (ECF No. 533 at 13.)[1]    The court stated on the record that one of the factors it considered in the decision not to deviate from the guideline range was that Mr. Stone had previously served time in custody for trafficking in cocaine and he was released just about a year before the offense conduct in this case.    (ECF No. 533 at 14.)

In his memorandum, Mr. Stone admits that he is more culpable than co-defendant McCants, but states that he is less culpable than Butler, who he

[1] There is no sentencing memorandum in the record, or any other suggestion that Mr. Stone should be sentenced below the guidelines range.    Rather, it appears that the court brought this issue up of its own accord.

Case Nos.: 3:14cr98/MCR/CJK; 3:15cv531/MCR/CJK

characterizes as the "mastermind and primary profittee among the twelve."   (ECF No. 605 at 27.)   The district court's sentence reflected this, as Mr. Stone's 188-month sentence was greater than the 120-month sentence the court imposed on McCants and less than Butler's 300-month sentence.   (ECF Nos. 565, 516.)   And of course, a defendant's sentence is based not only upon his or her culpability in the instant offense conduct, but also on his or her criminal history, cooperation and other factors.

Mr. Stone's argument that he was prejudiced by counsel's failure to object to a guidelines sentence is pure conjecture that is not supported by the record.   As noted by the Government at sentencing, Mr. Stone's sentence was much less than it would have been had he been separately charged with a firearm crime instead of just receiving the sentencing enhancement. (ECF No. 533 at 6.)   Based on the courts remarks at sentencing, there does not appear to be anything defense counsel could have done or said to encourage a below guidelines sentence, and her performance was not constitutionally deficient.

<u>Motion to Amend</u>

In October of 2016, Mr. Stone filed a motion to amend his pending § 2255 motion based on Amendment 794 to the U.S. Sentencing Guidelines, which he

claims "should have the effect of lowering his base offense level."   (ECF No. 677.)
The Government argues that his motion is procedurally barred and that the claim is
not cognizable in the instant § 2255 motion.

The Sentencing Guidelines provide for a two-level decrease to a base offense
level if a defendant was a minor participant in the criminal activity. See § 3B1.2(b).
Amendment 794, effective November 15, 2015, amended the Commentary to §
3B1.2.   The amendment introduced a list of non-exhaustive factors that a
sentencing court should look at when determining whether to apply a mitigating role
adjustment. *See* U.S.S.G. Supp. App. C., Amend. 794. In *United States v.
Cruickshank*, the Eleventh Circuit confirmed that Amendment 794 was a clarifying
amendment, meaning that it only clarified the factors a court should consider for a
minor-role adjustment and did not substantively change § 3B1.2.   *Cruickshank*,
837 F.3d 1182, 1194 (11th Cir. 2016); *see also* U.S.S.G. Supp. App. C., Amend. 794
("This amendment provides additional guidance to sentencing courts in determining
whether a mitigating role adjustment applies.").

In *Burke v. United States*, the Eleventh Circuit held that a defendant's claim
that his sentence is contrary to a subsequently enacted clarifying amendment is a
non-constitutional issue that is not cognizable under § 2255 absent a complete

miscarriage of justice.    *Burke,* 152 F.3d 1329 (11th Cir. 1998).    This is so because "§ 2255 is not a substitute for direct appeal."    *Id.* at 1331 (citation omitted).    Non-constitutional claims, such as clarifying amendments to the Sentencing Guidelines, "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.' " *Id*. (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)).    Even were he permitted to amend his amended § 2255 motion, no entitlement to relief would appear.

Conclusion

An evidentiary hearing is not needed to resolve the matters raised in this motion.    For all of the foregoing reasons, the court finds that Mr. Stone has failed to show that his 28 U.S.C. § 2255 has merit, and the motion should be denied in its entirety.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §

Case Nos.: 3:14cr98/MCR/CJK; 3:15cv531/MCR/CJK

2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues

a certificate of appealability.   Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial

of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is

also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order,

the court may direct the parties to submit arguments on whether a certificate should

issue."   If there is an objection to this recommendation by either party, that party

may bring this argument to the attention of the district judge in the objections

permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

Defendant's "Motion to Amend the Amended Motion of Movant's Motion to

Vacate, Set Aside, or Correct Sentence Pursuant to Title 28, United States Code,

Section 2255, and Amendment 794 of the U.S. Sentencing Guidelines" (ECF No.

677) is GRANTED to the extent the court has examined the claim raised therein and

determined it to be without merit.

Case Nos.: 3:14cr98/MCR/CJK; 3:15cv531/MCR/CJK

And based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The Second Amended Motion to Vacate, Set Aside, or Correct Sentence

(ECF No. 605), as amended, be **DENIED**.

2.    A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 28th day of August, 2018.


/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.


Case Nos.: 3:14cr98/MCR/CJK; 3:15cv531/MCR/CJK